[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15352

_____

D. C. Docket No. 2:09-cv-01155-MHT-CSC

JEWEL HUNTER,
on behalf of herself and all others
similar situated,
CAROL ADAMS,
on behalf of herself and all others
similarly situated, et al.,

Plaintiffs-Appellants,

ESTELLE IMFINGER, as administratrix
of the estate of Hui Imfinger,

Plaintiff-Appellant,

versus

SANTA FE PROTECTIVE SERVICES, INC.,
A New Mexico Corporation,

Defendant-Appellee.

―――――――――

Appeal from the United States District Court
for the Middle District of Alabama

―――――――――

(November 13, 2012)

Before DUBINA, Chief Judge, CARNES and GILMAN,[*] Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Jewel Hunter, et al. ("Appellants") appeal the district court's order granting summary judgment in favor of Defendant-Appellee Santa Fe Protective Services, Inc. ("Santa Fe"). Appellants sued Santa Fe on behalf of themselves and all others similarly situated and alleged both disparate treatment and disparate impact age discrimination claims in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Appellants argue that genuine issues of material fact remain on both their disparate impact and disparate treatment claims. They also challenge the district court's failure to find that another case involving Santa Fe collaterally estopped the court from finding no genuine issues of material fact.[1]

―――――――――

[*] Honorable Ronald Lee Gilman, United States Circuit Judge for the Sixth Circuit, sitting by designation.

[1] At oral argument, Appellants conceded that collateral estoppel doctrine is inapplicable. Appellants merely propose that the Middle District of Alabama opinion upon which they rely is persuasive authority. We, however, do not find the cited opinion persuasive in this appeal.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm the district court's order granting summary judgment based upon its well-reasoned opinion filed on October 25, 2011.

**AFFIRMED.**